## 57473. FILLION v. AETNA CASUALTY & SURETY COMPANY.

SMITH, Judge.

We reverse the trial court's grant of appellee's motion for summary judgment and affirm the court's denial of appellant's motion for partial summary judgment.

Appellant's suit for insurance benefits involves the following clause of an insurance contract issued by appellee: "Subject to the limitations stated below, charges for the following services, including group therapy, individual therapy and collateral visits with members of the patient's immediate family, are allowable expenses when rendered as treatment of a mental or nervous disorder in accordance with specific instructions by a doctor specializing in psychiatry who continues control of the overall psychiatric care of the patient: * Day or night care in a day or night care center provided the institution meets the definition on page 19. * Services of a qualified psychiatric nurse (R. N.). * Services of a qualified psychiatric social worker. Charges for professional services of a clinical psychologist are also allowable expenses. The above benefits are limited to a total of 20 sessions or visits for all outpatient treatment (group therapy, individual therapy, collateral visits) per covered person per calendar year provided by physicians, clinical psychologists, psychiatric social workers, psychiatric nurses, day or night care centers, or hospital outpatient department." The contract also excluded coverage of charges for services "[n]ot reasonably necessary, or not rendered in accordance with generally accepted professional medical and/or dental standards, for diagnosis or treatment of pregnancy, illness, or injury, or to improve the functioning of a malformed body member."

Appellant submitted to appellee a claim totaling the charges for twenty visits to his psychiatrist, eighteen of which were individual sessions and two of which were group sessions. Appellee denied a portion of the claim for the reason that fourteen of the individual visits exceeded an hour and each of the two group sessions exceeded ninety minutes; appellee compensated appellant only for one hour of each individual visit and for ninety minutes of

each group session. Appellant brought suit for the charges and moved for summary judgment on the issue of whether the entire cost of each of the visits was covered by the policy. If that motion had been granted, only the issues of the requested bad faith penalty and attorney fees would have remained.

Claiming that its denial of a portion of the claim was contractually justified, appellee also moved for summary judgment. In support of its motion appellee submitted two affidavits. In the first affidavit a medical doctor stated, "That, based upon his personal knowledge and belief, the terms 'sessions' and 'visits,' as commonly understood and generally recognized within the medical profession in general, and the specialty of psychiatry in particular, in the absence of an emergency or crisis situation, refer to a period of time of from 50 to 60 minutes in length for patients receiving outpatient psychiatric treatment on an individual basis, or if on a group basis, a period of time of from 50 to 90 minutes." In the second affidavit appellee's claims supervisor said, "That, based upon his personal knowledge and belief, the terms 'sessions' and 'visits,' as commonly understood and generally recognized within the health insurance industry, in the absence of an emergency or crisis situation, refer to a period of time of from 50-60 minutes in length for patients receiving individual outpatient psychiatric treatment." The trial court accepted the proffered definition of "sessions or visits" and granted appellee's motion for summary judgment.

"Parol evidence is admissible to explain a patent ambiguity, but where the words or phrases are not technical, a witness cannot, as an expert or otherwise, give his opinion of the meaning of the instrument. We do not think there are any words or terms in this contract which are used out of the ordinary sense of language." *Hill v. John P. King Mfg. Co.,* 79 Ga. 105, 108 (3 SE 445) (1887). "The plaintiffs had an undoubted right to place upon the language employed in these letters its usual, natural and ordinary interpretation, and to treat the writer as meaning what the language he adopted unquestionably purported to express." *Harris & Mitchell v. Amoskeag Lumber Co.,* 97 Ga. 465, 470 (25 SE 519)

(1895). See also *Wolverine Ins. Co. v. Jack Jordon, Inc.,* 213 Ga. 299 (99 SE2d 95) (1957), and *Atlanta Street R. Co. v. City of Atlanta,* 66 Ga. 104 (1880), where the court held "road" was not a technical word requiring expert explanation. Likewise, we find that the contracting parties intended for the words to convey their ordinary meaning, that the ordinary meaning of neither "visit" nor "session" includes a time limitation (see Webster's New American Dictionary, Second Edition) and that the opinions of so-called experts were inadmissible so as to modify the contractual language. "The whole contract should be looked to in arriving at the construction of any part." Code § 20-704 (4). In adhering to this rule of construction, we discover further support for our holding, in the exclusion quoted above. That exclusion was obviously meant to pertain to services not reasonably necessary, or visits unreasonably lengthy.

Construing the contract as a whole and giving to the words therein their ordinary meaning, we conclude it was error to grant summary judgment adjudicating as outside of coverage the charges for group visits exceeding ninety minutes and for individual visits exceeding one hour. Of course, there remain the issues of whether the entirety of each visit was reasonably necessary and whether the services rendered were in accordance with professional standards.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Birdsong, J., concur.*

ARGUED MARCH 13, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 10, 1979.

*William L. Skinner,* for appellant.
*Tommy T. Holland,* for appellee.